T.C. Memo. 1999-112

UNITED STATES TAX COURT

WALTER S. AND SALLY H. NEWBERN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos.  3792-87, 12619-90.          Filed April 2, 1999.

<u>A. Eugene Lewis</u>, for petitioners.

<u>Judith C. Winkler</u>, for respondent.

MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  These cases are before the Court on
petitioners' second motion to set aside stipulations of settled
issues.

Petitioners contend that their counsel at that time
(petitioners' former counsel) signed stipulations of settled
issues in these cases without their authority.  The sole issue

for decision is whether petitioners are bound by those stipulations of settled issues. We hold that they are.

The parties and petitioners' former counsel submitted memoranda and affidavits relating to petitioners' motion. We decide the motion on the basis of those memoranda and affidavits. Neither petitioners, nor their former counsel, nor respondent requested a hearing to decide this motion.

Section references are to the Internal Revenue Code of 1986. Unless otherwise indicated, Rule references are to the Tax Court Rules of Practice and Procedure. References to Mr. and Mrs. Newbern are to Walter and Sally Newbern.

## Background

### 1. Settlement of Petitioners' Tax Court Case

Petitioners claimed flow-through deductions based on their interest in the Vanguard Oil Technology partnership, which were disallowed by a notice of deficiency dated November 24, 1986. Petitioners filed a petition on February 13, 1987, in docket No. 3792-87. Petitioners retained Declan J. O'Donnell (O'Donnell) in June 1987 on the recommendation of the Vanguard Oil Technology partnership. O'Donnell signed and filed petitioners' petition in docket No. 12619-90, and he filed an entry of appearance in the case at docket No. 3792-87 on September 14, 1992. In 1994, he signed and filed amendments to the petitions in both of these cases which alleged that Mrs. Newbern was an innocent spouse. Signature of counsel on a petition is a representation that counsel is authorized to represent a taxpayer. Rule 33(b).

Several times in fall 1994, O'Donnell and other lawyers in O'Donnell's law firm discussed with Mr. Newbern the possibility of settling petitioners' cases. On January 31, 1995, O'Donnell and respondent's counsel signed stipulations of settled issues in these cases which resolved issues concerning Vanguard Oil Technology's investment in the Elektra Hemisphere tax shelter for 1981 and 1982. O'Donnell promptly notified petitioners in writing of the settlements. Petitioners knew the terms of the settlements in February 1995. At a time not specified in the record after he signed the stipulations of settled issues, O'Donnell asked petitioners to ratify the stipulations in writing. They did not do so. Petitioners retained new counsel for these cases on November 17, 1995. O'Donnell withdrew as petitioners' counsel on December 10, 1996.

2.  Petitioners' Motion To Set Aside the Settlements

Petitioners filed a motion to set aside the stipulations of settled issues on March 3, 1997, which was more than 2 years after O'Donnell told petitioners the terms of the settlements. We denied petitioners' motion because the consistent settlement procedures of section 6224 apply only to partnership taxable years beginning after September 3, 1982, and thus do not apply to Elektra Hemisphere's 1981 and 1982 tax years. Estate of Campion v. Commissioner, 110 T.C. 165 (1998). We also decided that respondent had not committed fraud on the Court and that petitioners were bound by the settlements with respect to the Elektra Hemisphere partnership issues. We permitted petitioners

to file a second motion to set aside the stipulations of settled issues in which they could assert that O'Donnell lacked authority to settle the partnership issues.

## Discussion

### 1. Position of Petitioners, O'Donnell, and Respondent

Petitioners contend that O'Donnell did not have authority to sign the stipulations of settled issues and that Mr. Newbern did not intend to settle these cases on the basis stipulated. Mr. Newbern asserts that he authorized O'Donnell in November 1994 to concede petitioners' claim that Mrs. Newbern was an innocent spouse but not to concede or settle the partnership issues.

O'Donnell had no written authority from petitioners to settle the cases, but he stated in his affidavit that he remembers that he felt comfortable signing the stipulations of settlement based on a telephone conversation he had with petitioners.

### 2. Background

Whether an attorney has authority to act on behalf of a taxpayer is a factual question to be decided according to common law principles of agency. Dorchester Indus. Inc. v. Commissioner, 108 T.C. 320, 330-331 (1997); Adams v. Commissioner, 85 T.C. 359, 369-372 (1985); Kraasch v. Commissioner, 70 T.C. 623, 627-629 (1978). Generally, a lawyer may settle a client's claim only if the client expressly authorizes the lawyer to do so. See Smith v. Washburn & Condon, 297 P. 879, 880 (Ariz. 1931); see also Model Rules of

Professional Conduct rule 1.2(a). However, prolonged silent acquiescence by a client with full knowledge of the facts may be treated as ratification of an unauthorized act or settlement by his or her lawyer. Thompson v. D.C. Am., Inc., 951 F. Supp. 192, 195-196 (M.D. Ala. 1996) (a settlement agreement negotiated by the plaintiff's attorney without her authority was treated as ratified by the plaintiff because she kept settlement proceeds for more than a year); Yarnall v. Yorkshire Worsted Mills, 87 A.2d 192, 193 (Pa. 1952) (a settlement stipulation executed without authority by the plaintiff's attorney was treated as ratified by the plaintiff in part because he waited 20 months to repudiate the settlement).

Where taxpayers challenge the authority of counsel to act on their behalf, the burden of proof is on the taxpayers to show that their counsel lacked authority. Dahl v. Commissioner, T.C. Memo. 1995-179, affd. per curiam without published opinion 85 F.3d 643 (11th Cir. 1996); Smith v. Commissioner, T.C. Memo. 1990-430.

3. Whether Petitioners Are Bound by the Settlements

Petitioners deny that they authorized O'Donnell to settle. O'Donnell believed petitioners had authorized him to sign the stipulations of settled issues. Petitioners have failed to prove that O'Donnell lacked express authority to settle. However, even if we did not believe that O'Donnell had express authority to settle, petitioners impliedly ratified the settlements by failing to repudiate them for more than 2 years after they knew about

them.  See <u>Mishawaka Properties Co. v. Commissioner</u>, 100 T.C. 353, 366 (1993) (implied ratification); <u>Kraasch v. Commissioner</u>, <u>supra</u> at 627-628 (taxpayers were bound by a petition filed and signed in their names; we deemed their conduct after the petition was filed to be implied ratification since they knew about the petition and did not disaffirm it); <u>Gaviola v. Commissioner</u>, T.C. Memo. 1986-349 (Court rejected taxpayer's attempt to withdraw a stipulation of settlement based on her claim that her attorney was without authority to represent her because, even if she did not initially authorize him to represent her, she ratified his representation during the course of proceedings before the Tax Court), affd. without published opinion 819 F.2d 1129 (2d Cir. 1987).

For the reasons stated above, we deny petitioners' second motion to set aside the stipulations of settled issues. Petitioners are bound by their settlements of the Elektra Hemisphere partnership issues.

<u>An order will be issued denying petitioners' second motion to set aside stipulations of settled issues</u>.